**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BARBARA-ANN HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:18-cv-06725 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a subsidiary of AMERICAN INTERNATIONAL GROUP, INC. | ) ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 4, 2018, plaintiff Barbara-Ann Hampton filed a complaint seeking payment of basic and supplemental accidental death benefits, following the death of her husband in a car accident. Hampton brings this suit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(e)(1) and (f), to recover benefits due under defendant National Union's Accidental Death and Dismemberment Policies ("the Policies"), prejudgment interest, and attorney's fees. Before evaluating National Union's denial of benefits to Hampton, the Court must determine the appropriate standard of review. Hampton argues that the *de novo* standard of review applies because National Union did not have discretionary authority to deny her claim. National Union argues that this Court should review the claim under an arbitrary and capricious standard, based on the language of the plan documents. For the reasons set forth below, the Court finds that the *de novo* standard of review applies to this action.

## BACKGROUND

On February 11, 2014, John Hampton died following a motor vehicle accident in St. Charles, Missouri. Up until his death, Mr. Hampton was a full-time employee of The Boeing Company and held active accidental death and dismemberment insurance under the Policies. Boeing sponsored the Policies for its employees; National Union underwrote and co-administered them with AIG Claims, Inc. Mr. Hampton had subscribed to National Union's basic and supplemental accidental death group insurance policies, PAI 9128543 and BSC 9128539. The basic policy covered $25,000 in the event of accidental death, and the supplemental policy provided up to an additional $500,000. The plaintiff, Mr. Hampton's wife, was the sole designated beneficiary under the Policies.

Following her husband's death, Ms. Hampton submitted a benefits claim to National Union. On May 3, 2016, National Union denied her claim, through its claim administrator AIG Claims, Inc, citing Mr. Hampton's cause of death as arteriovenous malformation. Ex. D at 3, ECF No. 17-4. According to National Union, Mr. Hampton died of natural, rather than accidental, causes, and therefore, the Policies did not apply to his death. Ex. F at 6, ECF No. 17-6. Hampton appealed National Union's decision, providing supplemental medical records, opinion evidence, and an official cause of death determination. On April 14, 2018, National Union denied Hampton's appeal. *Id.* at 2. The parties have submitted briefs on the proper standard of review.

## DISCUSSION

In ERISA cases, "*[d]e novo* review is presumed to apply unless the plan documents clearly state that the plan administrator has discretionary authority to determine whether benefits are due." *Raybourne v. Cigna Life Ins. Co. of New York*, 576 F.3d 444, 448 (7th Cir. 2009) (internal citations omitted). When a plan delegates discretionary authority to an administrator or fiduciary, the court

2

applies the more deferential abuse of discretion standard. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 810 (7th Cir. 2006) ("[T]o lower the level of judicial review from *de novo* to arbitrary and capricious, the plan should clearly and unequivocally state that it grants discretionary authority to the administrator.") (internal quotations omitted).[1]

Boeing's Master Welfare Plan ("the Plan"), which governs health and welfare benefits, clearly and unequivocally granted authority to the Employee Benefits Plan Committee as the Plan Administrator. The Plan provided that the Plan Administrator would serve as the named fiduciary, with complete administrative and discretionary authority over the Plan. Neither party disputes that the Plan appropriately delegated authority to the Employee Benefits Plan Committee as the Plan Administrator. The issue in this case is whether the Plan Administrator, in turn, effectively delegated discretionary authority to National Union as the service representative.

The Plan set guidelines for the Plan Administrator to delegate its administrative and fiduciary duties as follows:

> Article 4.3 Delegation of Authority
>
> The administrative duties and responsibilities set forth in Section 4.1 may be delegated by the Plan Administrator in whatever manner and extent it chooses to such person or persons as it selects.
>
> Any allocation or delegation of fiduciary responsibilities will be in writing, approved by majority vote. An allocation or delegation may be changed or ended by majority vote. Any allocation or delegation may include the power to subdelegate without further recourse to the Plan Administrator.

---

[1] The Seventh Circuit has held that in the ERISA context, the arbitrary and capricious standard is "synonymous with abuse of discretion." *Raybourne*, 576 F.3d at 449.

The parties disagree if the Plan Administrator was free to delegate authority to National Union however it saw fit or if it was required to do so in writing, with approval from a majority of Employee Benefits Plan Committee members. That determination hinges on whether National Union was acting in an administrative or fiduciary capacity as the Plan's service representative.

### I. National Union acted as a fiduciary in denying Hampton's benefits claim.

ERISA defines a plan fiduciary as anyone who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C.A. § 1002(21)(A). Courts have interpreted the term "fiduciary" broadly in the ERISA context. In *Aetna Health Inc. v. Davila*, the Supreme Court concluded that ERISA benefit determinations are generally fiduciary acts. 542 U.S. 200, 218 (2004). As a result, "[c]lassifying any entity with discretionary authority over benefits determinations as anything but a plan fiduciary would thus conflict with ERISA's statutory and regulatory scheme." *Id.* at 220.

This is so whether a plan explicitly bestows the title of "fiduciary" along with discretionary authority. *See Ruiz v. Continental Cas. Co.*, 400 F.3d 986, 990 (7th Cir. 2005) ("The measure of whether a person is a fiduciary is not whether that person is formally designated as such. Instead, a fiduciary should be viewed in functional terms of control and authority over the plan") (internal quotations omitted); *Woods v. Southern Co.*, 396 F. Supp. 2d 1351, 1364 (N.D. Ga. 2005) ("A person or entity becomes an ERISA fiduciary by being either named as a fiduciary . . . or by exercising discretionary authority or control over the management, administration, or assets of a plan [i.e. a 'functional fiduciary'].") (internal citation omitted). An insurer who holds discretionary authority over a benefit plan therefore serves as a plan fiduciary whether or not the plan denominates the insurer as such.

4

In its Summary Plan Document ("SPD"), Boeing identified National Union as the service representative for both the basic and supplemental accidental death and dismemberment policies. The SPD states that, in this role, National Union "provide[s] insurance coverage and handle[s] the day-to-day administration of this plan . . . . makes benefit decisions, pays claims, processes claim appeals, and accounts for premiums, service fees, and claim costs." SPD at 44 (6-2 AD&D Plan), 48 (7-2 Supplemental AD&D Plan).[2] The SPD does not explicitly refer to these duties as fiduciary in nature. Yet, in entrusting National Union with these responsibilities, particularly the power to make benefit determinations, the Plan Administrator plainly purported to delegate fiduciary authority to National Union. *See Semien*, 436 F.3d at 811-12 (designating the insurer as a fiduciary because it had discretionary authority over the plan's administration); *Ruiz*, 400 F.3d at 990 (third-party insurer acted as a fiduciary when it denied appellant disability benefits).

It is not enough to find that the insurer acted as a plan fiduciary generally; the Court must determine if it acted as a fiduciary regarding the claim at issue. *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992) ("The statutory language [of ERISA] plainly indicates that the fiduciary function is not an indivisible one . . . . a court must ask whether a person is a fiduciary with respect to the particular activity at issue.") Here, National Union reviewed relevant documents, interpreted the SPD, and ultimately exercised discretion in denying Hampton's claim**.** When National Union denied Hampton's benefits claim, it was acting as a fiduciary. The question then becomes: Was National Union properly authorized to exercise fiduciary discretion in deciding Ms. Hampton's claims?

---

[2] The first page number indicated (non-parenthetical) is the ECF pagination of Document 17-2. The parenthetical page number is the pagination in the SPD booklet.

### B. The Plan Administrator did not properly delegate fiduciary authority to National Union.

National Union argues that the Plan Administrator was able to delegate authority to a service representative "in whatever manner and extent it chooses." Plan at 9, ECF No. 17-1. To support this contention, National Union points to the SPD, which defines a service representative as "[a]n agent under contract to the Company to make benefit determinations and administer benefit payments for the plans." SPD §12 (12-4 Definitions). National Union acknowledges that the Plan itself does not name National Union as a service representative with discretionary authority. It argues, however, that the "plain language of the Plan and the SPD authorize delegation by the Plan Administrator" and permits National Union to make benefit determinations. Def.'s Resp. in Opp'n to Pl.'s Cross-Mot. to Set the Appropriate Standard of Rev. at 7, ECF No. 21.

The problem with this argument is that the Plan provides a specific method for delegating fiduciary authority to a service representative, whereas the SPD does not. When the Plan and the SPD conflict, the SPD stipulates that the Plan trumps the SPD. *See* SPD at 4 (Your Benefits i) ("If there is any conflict between the information in this booklet and the official Plan document, the official Plan document will govern."). The Seventh Circuit's rulings align with this provision. *See Schwartz v. Prudential Ins. Co. of America*, 450 F.3d 697, 699 (7th Cir. 2006) (finding that the welfare benefits plan controls unless the beneficiary detrimentally relied on the SPD); *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 711 (7th Cir. 1999) ("When . . . the plan and the summary plan description conflict, the former governs, being more complete, the original, as it were.") The Plan Administrator was bound to follow the Plan's procedures in delegating fiduciary authority to National Union by memorializing it in writing and conducting a vote. National Union has neither alleged nor offered any evidence indicating that the Plan Administrator conformed with these procedures.

In failing to follow the Plan's explicit procedures, the Plan Administrator did not effectively delegate its discretionary authority to National Union. As a result, National Union lacked the requisite authority to deny Hampton's claim. *See Gavin v. Life Ins. Co. of North America*, No. 12 C 6178, 2013 WL 677886, at *5 (N.D. Ill. Feb. 25, 2013) (finding that the *de novo* standard of review was appropriate where the Plan Administrator "failed to follow the Plan's own express procedures for delegating [its] discretionary responsibilities" to the insurer); *Gardner v. Ameritech Sickness & Accident Disability Plan*, No. 08-cv-1007, 2009 WL 3188302, at *12 (C.D. Ill. Sept. 30, 2009) (identifying *de novo* as the proper standard of review where the insurer did not act in accordance with the Plan Administrator's discretionary benefit-determination authority). *De novo* review is therefore the appropriate standard for this Court to evaluate whether National Union properly denied Hampton's benefits claim.

National Union correctly notes that the Seventh Circuit has not ruled on whether ERISA allows for an implicit delegation of a plan administrator's authority to an insurer. *Semien*, 436 F.3d at 811 ("[W]e need not reach the question of whether an implied delegation of authority would be sufficient to shift discretionary authority from the original plan administrator to insurer.") Other circuits, however, have held that welfare plans may not implicitly delegate authority to third-party insurers. *See, e.g.*, *Shelby County Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 365 (6th Cir. 2009); *McKeehan v. Cigna Life. Ins. Co.*, 344 F.3d 789, 793 (8th Cir. 2003). The Court does not need to resolve this question here: the Plan expressly rejects the possibility of an implied delegation, requiring that "[a]ny allocation or delegation of fiduciary responsibilities will be in writing, approved by majority vote." Plan at 9, ECF No. 17-1. Because National Union was not authorized to deny Hampton's claim under the Plan, its determination is subject to *de novo* review.

\* \* \*

For the reasons set forth above, the Court holds that National Union's denial of Hampton's claim for accidental death benefits is subject to *de novo* review.

Date: October 7, 2020

John J. Tharp, Jr.
United States District Judge

8